Ronald Wilcox, Esq., State Bar No. 176601
2160 The Alameda, Suite F, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

ATTORNEY FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DAVID ALVERNAZ,<br><br>      Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, et al.,<br><br>      Defendant. | CIV. NO. 11CV-00613 EJD-PSG<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT OF PLAINTIFF AND DEFENDANT ALLIANCEONE RECEIVABLES MANAGEMENT** |

Pursuant to the Court's Reassignment Order dated April 25, 2011, Plaintiff and Defendant AllianceOne Receivables Management, Inc. jointly submit this Case Management Conference Statement:

**a. Date case was filed:** Complaint filed February 10, 2011; Amended Complaint filed March 31, 2011.

**b. List of all parties:**

David Alvernaz, Plaintiff

AllianceOne Receivables Management, Inc., Defendant

**JOINT CASE MANAGEMENT STATEMENT** – 11CV-00613 JF PSG

Daniel Vishnevetsky, Defendant (served on April 15, 2011)

**c. Summary of all claims:**

Generally, Plaintiff alleges Defendants violated the FDCPA by engaging in unlawful collection practices in an attempt to collect a debt, including impermissible communications with a third-party; false, deceptive or misleading practices; conduct which has the natural consequence to abuse or annoy; and unfair and unconscionable practices. Defendant AllianceOne Receivables Management, Inc. ("AllianceOne") denies Plaintiff's material allegations and allege that any violation was the result of a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid the violation(s).

**d. Brief description of the event underlying the action:**

**Plaintiff**: Defendants engaged in impermissible communications with a third party, concealed their identity, and engaged in unlawful, deceptive and intrusive behavior in an attempt to collect a debt. Defendants telephoned Plaintiff's neighbor, falsely stated to the neighbor they could not get through to Plaintiff's phone number, feigned there was some emergency, and had the neighbor deliver an urgent message to Plaintiff stating that they really needed to get a hold of him. Calling one's neighbors is referred to as a "block party" in the collection industry. Calling one's co-workers is referred to as an "office party" in the collection industry. AllianceOne engages in a business plan, pattern and practice of malicious and despicable conduct by invading the privacy rights of consumers by impermissibly communicating with third parties in its attempts to collect debts. See *Cassiano v. Alliance One*, 10-02129 (S.D. N.Y., March 10, 2009), *Cole v. Alliance Once*, 10-00598 (D. AZ, March 17, 2010), and *Garrido v. Alliance One*, 10-03284 (D. NJ, June 28, 2010). Defendants then ignored Plaintiff's cease and desist letter and

continued to telephone Plaintiff. Defendants also attempted to trick Plaintiff in to returning their call by concealing the identity of Defendant and by not informing Plaintiff the calls was from a debt collector.

**Defendant AllianceOn**e: AllianceOne denies Plaintiff's material allegations. AllianceOne further denies that the complaints filed in the cases cited above by Plaintiff – two of which were settled and dismissed – establish "a business plan, pattern and practice of malicious and despicable conduct by invading the privacy rights of consumers by impermissibly communicating with third parties in its attempts to collect debt."

**e. Description of relief sought and damages claimed with an explanation as to how damages are computed:**

Plaintiff seeks statutory damages, actual damages, and attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. 1692k and Civil Code sec. 1788. The FDCPA provides for statutory damages up to $1,000 per action. Civil Code 1788 provides for statutory damages up to $1,000 per Defendant. Actual damages (i.e. emotional distress, anxiety, etc.) are difficult to quantify and will be determined by a jury. The Hon. Jeremy Fogel awarded a consumer $40,000 for actual damages/emotional distress caused by a debt collector's violation of the FDCPA and related claims. *Panahiasal v. CreditCare*, 2007 U.S. Dist. LEXIS 17269 (N.D. Cal. 2007). A San Jose jury awarded a husband and wife $50,000 each in actual damages/emotional distress, caused by a debt collector's violations of the FDCPA. *Fausto v. Credigy et al.*, 07-05658 JW (Docket# 408, April 3, 2009)

AllianceOne reserves its right to seek attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), Cal. Civ. Code § 1788.30(c), 28 U.S.C. § 1927, Fed. R. Civ. P. 11, any other applicable statute or court rule, and the Court's inherent authority.

**f. Status of discovery:**

Plaintiff served written discovery on AllianceOne on April 20, 2011.

On April 20, 2011, Plaintiff proposed a way to streamline this case. On May 3, 2011, AllianceOne responded with a counter-proposal. The parties have yet to reach an agreement.

**g. Procedural history of the case, including previous motions, ADR proceedings, etc.**

The parties filed a stipulation to mediate on April 8, 2011, and are awaiting an Order from the Court.

**h. Other deadlines in place before reassignment**

The parties were ordered to exchange initial disclosures by May 4, 2011.

**i. Any requested modification of these dates and for what reason**

Plaintiff sees no need for modification of these dates at this time.

**j. Whether the parties will consent to a Magistrate Judge for Trial:**

Plaintiff will consent. Defendants decline to consent.

**k. If there exists an immediate need for a Case Management Conference:**

No.

Respectfully submitted,

Date: 5/5/11                              /s/Ronald Wilcox

Ronald Wilcox, Esq.
Attorney At Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Telephone: 408-296-0400
Facsimile: 408-296-0486
ronaldwilcox@post.harvard.edu

**JOINT CASE MANAGEMENT STATEMENT** – 11CV-00613 JF PSG

| | |
|---|---|
| | *Counsel for Plaintiff David Alvernaz* |
| Date   5/5/11 | /s/Jeff Topor (*via email agreement) |
| | Jeff Topor |
| | *Counsel for Defendant AllianceOne Receivables Management* |

**JOINT CASE MANAGEMENT STATEMENT** – 11CV-00613 JF PSG